Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletree.com
Young W. Choi CA Bar No. 334928
young.choi@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
The Sherwin Williams Manufacturing Company,
(erroneously sued as "Sherwin Williams Manufacturing")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL MONTES DE OCA, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>SHERWIN WILLIAMS MANUFACTURING., a OHIO CORPORATION and DOES 1-20, inclusive,<br><br>          Defendants. | Case No. Pending<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:  June 4, 2025<br>Trial Date:          None Set<br>District Judge:     Hon. TBD<br>Magistrate Judge: Hon. TBD |

Case No. Pending

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE SHERWIN WILLIAMS MANUFACTURING COMPANY ("Defendant" or "SHERWIN WILLIAMS"), erroneously sued as Sherwin Williams Manufacturing, an Ohio corporation, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California ("Court") pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 on the grounds that: (1) there is complete diversity of citizenship between Plaintiff MICHAEL MONTES DE OCA ("Plaintiff" or "DE OCA"), a citizen of the State of California, on the one hand, and Defendant, which is a citizen of the State of Ohio, on the other hand; (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and, (3) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

## I.    THE STATE COURT ACTION

1.    On June 4, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Michael Montes De Oca v. Sherwin Williams Manufacturing,* Case No. 25STCV16263 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit "A"** to the Declaration of Michael J. Sexton ("Sexton Decl.").

2.    The Complaint asserts the following causes of action: (1) Discrimination in Violation of the FEHA; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Retaliation in Violation of the FEHA; (5) Failure to Investigate and Prevent in Violation of the FEHA; (6) Wrongful Termination in Violation of the FEHA; and, (7) Wrongful Termination in Violation of Public Policy.

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

3. On June 6, 2025, Plaintiff served Defendant's registered agent for service of process. A true and correct copies of the Summons, Complaint, Civil Case Cover Sheet and all other documents served on Defendant are attached as **Exhibit "B"** to the Sexton Decl.

4. On July 1, 2025, Defendant timely filed its Answer to the Complaint in Los Angeles Superior Court ("Answer"). A true and correct copy of the Answer is attached as **Exhibit "C"** to the Sexton Decl.

## II. REMOVAL IS TIMELY

5. A defendant in a civil action has thirty (30) days from the date it is served with a valid summons and complaint to remove the action to federal court. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.")

6. Here, removal is timely because Defendant is filing this Notice of Removal less than thirty (30) days after having been served with the Complaint. Indeed, service on Defendant was effective on June 6, 2025, and Defendant has filed this Notice of Removal on or before July 2, 2025, which is within the thirty (30) day requirement to remove the case from state to federal court. Accordingly, removal is timely.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

7. **Complete Diversity of the Parties Exists.** This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this action are diverse, as detailed below.

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

8.     **Plaintiff is a Citizen of California.** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9.     At all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still in, a resident and citizen of the State of California. *See* Ex. A. to the Sexton Decl., Compl. ¶ 1; Declaration of April Tyson ("Tyson Decl.") ¶ 6. Plaintiff worked for Defendant from approximately on or about June 21, 2022, to on or about August 12, 2024. *See* Ex. A. to the Sexton Decl., Compl. ¶¶ 7, 11; Tyson Decl. ¶ 6. Furthermore, Plaintiff maintained a residential address in the State of California during the entirety of his employment. *Id.*; *see also Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (current residence and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his last residence at the time a suit was filed).

10.     Accordingly, Plaintiff is a citizen of California.

11.     **Defendant is a citizen of Ohio.** Defendant was, at the time the Complaint was filed, and still is, incorporated in the State of Ohio. Tyson Decl. ¶ 3.

12.     The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. In *Hertz Corp. v. Friend,* 559 U.S. 77 (2010), the United States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases. The Court held that the "'principal place of business' [as contained in section 1332(c)(1)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Id.* at 78). The Court further clarified that the principal place of business was the

3

place where the corporation "maintains its headquarters provided that the headquarters is the actual center of direction, control and coordination." *Id.* Defendant's principal place of business is in the State of Ohio. Tyson Decl. ¶ 3. Defendant's executive and administrative operations are currently managed from its Ohio location. From its headquarters in Ohio, Defendant makes and implements company-wide operating, financial and accounting, employee relations and other policy decisions. *Id.,* at ¶ 4. Defendant's annual shareholders' meetings take place in the State of Ohio. *Id.* In addition, Defendant's executive officers and certain other executive leaders maintain their offices at Defendant's headquarters in Ohio. *Id.* Defendant does not maintain a principal place of business in the State of California. Under the "nerve center" test, Defendant is a citizen of the State of Ohio.

13.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is, and was at the time of filing of the Complaint, a citizen of the State of Ohio, not California.

14.     **Diversity Among the Parties Exists.** Further, the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

15.     Complete diversity among the parties not only exists now, but did also at the time of the filing of this action on June 4, 2025. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. sections 1332(a) and 1441(a), in that Plaintiff is a citizen of California and Defendant is not a citizen of California.  As a result, complete diversity between defendant and plaintiff exists.

## IV.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

17.    This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.[1]

18.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

19.    Removal is proper from the allegations of the Complaint and the Notice of Removal where it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

### A.    Lost Wages

20.    Plaintiff's Complaint seeks to recover loss of earnings, salary and benefits, and the intangible loss of employment-related opportunities. (Ex. A to the Sexton Decl., Compl. ¶¶ 18, 26, 33, 41, 42, 48, 54, 61; and Prayer for Relief Nos. 2 and 8.).

21.    This Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

/ / /

---

[1] By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

Case No. Pending
DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

22.   Notwithstanding Plaintiff's allegation that his alleged compensatory damages including lost wages will greatly exceed $75,000, a calculation of Plaintiff's potential wages also shows that the amount of controversy in this matter may be well into six (6) figures.

23.   Plaintiff worked for Defendant from approximately June 21, 2022, to August 12, 2024. Ex. A. to the Sexton Decl., Compl. ¶¶ 7-11; Tyson Decl. ¶ 6. Upon review of Plaintiff's pay records, at the time he left his employment with Defendant, on or around August 12, 2024, Plaintiff earned approximately $32.30 per hour and worked approximately forty (40) hours per week, averaging $1,292.00 per week. Tyson Decl. at ¶ 6.

24.   Based on Plaintiff's weekly earnings of approximately $1,292.00, Plaintiff's lost earnings since the end of his employment on August 12, 2024, currently total approximately $59,432.00 ($1,292.00 per week x 46 weeks).

25.   By the time the matter proceeds to trial, that lost wage amount will exceed $75,000. According to the 2025 Judicial Caseload Profile for the Central District of California, the median time from filing to trial to civil cases is approximately 27.8 months. Sexton Decl. ¶ 7, **Exhibit D**[2]. 27.8 months from the June 4, 2025, filing in this case is approximately September 28, 2027. Thus, the amount of past lost earnings Plaintiff has put in controversy, *i.e.,* total lost earnings between Plaintiff's last date of employment on August 12, 2024, and the estimated trial date in this matter based on the median time to trial in this District, September 28, 2027, is **$210,596.00** ($1,292.00 per week x 163 weeks).

### B.   Emotional Distress Damages

26.   Plaintiff alleges that as a result of Defendant's conduct, he has "suffered and continues to suffer emotional distress, humiliation, mental anguish and

---

[2] Pursuant to Federal Rule of Evidence 201, Defendant respectfully requests that the Court take judicial notice of the 2025 Judicial Caseload Profile, which is attached as Exhibit D to the Sexton Declaration.

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION

embarrassment" and "emotional suffering." (Ex. A to the Sexton Decl., Compl., ¶¶ 19, 27, 34, 41, 49, 55, 62; and Prayer for Relief No. 1.)

27. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

28. Emotional distress damages awards in single-plaintiff wrongful termination actions often exceed $75,000. *See, e.g.*, *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County) (awarding $500,000 for pain and suffering to employee in a wrongful termination action); *Vaughn v. CNA Casualty of Calif.*, 2008 WL 4056256 (C.D. Cal. 2008) (awarding $300,000 in past and future non-economic loss to employee in a wrongful termination case); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (Super. Ct. L.A. County) (jury awarded $113,000 to employee for emotional stress in a wrongful termination case); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case); *Anderson v. American Airlines*, 352 Fed. Appx. 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination/wrongful termination case).

29. As these verdicts from comparable cases show, Plaintiff has put at least **$75,000** in emotional distress damages in controversy.

### C. Attorneys' Fees and Costs

30. Plaintiff also seeks to recover attorneys' fees and costs. (Ex. A to the Sexton Decl., Prayer for Relief No. 4.) Attorneys' fees may therefore be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

31. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not

Case No. Pending
DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION

merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

32. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F. Supp. 2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages.").

33. Adding the potential recovery of attorney's fees and costs, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

34. Even a conservative estimate of attorney's fees and costs, when viewed in combination with alleged compensatory, punitive and emotional distress damages, would present an amount in controversy that exceeds the jurisdictional minimum. *See, e.g.*, *Lefkir v. Rancho Los Amigos/County of Los Angeles* (BC412351) 10-JV_1877 (2010) (court awards plaintiff's attorney's fees in the amount of $171,917.50); *Martin v. Arrow Electronics, Inc.*, U.S.D.C. Central District of California Case No. 04-1134 ($473,554); *Peacock v. Quest Diagnostics*, U.S.D.C Central Dist. of California No. 09-09206 ($599,000); *Vo v. Valley Dodge Inc.*, L.A. Superior Court No. BC388059 ($402,000).

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION

35.    Even relatively straightforward employment actions generally involve costs of suit (*e.g.*, appearance and filing fees, court reporter costs, service costs, etc.) of over $15,000. Sexton Decl. at ¶ 8. Additionally, an attorney in a single-plaintiff employment action is generally more likely than not to expend over two hundred and fifty (250) hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity for a case that is litigated through trial. Attorneys' fees in such cases often exceed $75,000. *Id.*

36.    In sum, and as shown in the chart below, the total amount in controversy, *excluding* punitive damages, is at least **$360,596.00.**

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | >$210,596.00 |
| Emotional Distress | >$75,000.00 + |
| Attorneys' Fees | >$75,000.00 + |
| **Total:** | **$360,596.00** |

### D.    **Punitive Damages**

37.    Plaintiff has pled for the recovery of punitive and exemplary damages. (Ex. A to the Sexton Decl., Prayer for Relief No. 3.)

38.    The potential for a punitive damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc.*

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

*Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

39.     Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages. (*Id.*) These included punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857); $121,000,000 (*Carrol v. Interstate Brands Corp.*, *et al.*, Cal. Super. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000)); and $40,000,000 (*Lane v. Hughes Aircraft Co.*, JVR No. 801112.) As in *Simmons*, Plaintiff is claiming discrimination under California law. The same jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

40.     Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges retaliation and wrongful termination, etc.) further support that the amount in controversy exceeds $75,000. In *Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009 (February 11, 2020), a Los Angeles County Superior Court jury awarded a plaintiff $100,000 in punitive damages for a wrongful termination and retaliation matter. In *Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019), a Los Angeles County Superior Court jury awarded a plaintiff $1.5 million in punitive damages where the plaintiff alleged wrongful termination. *See also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Amigon v.*

10

*Cobe Color Cosmetics*, 2009 WL 7497138 (jury awarding a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged discrimination, retaliation, and wrongful termination); *Martinez v. Rite Aid, et. al.* (BC401746) 10-JV-2044 (October 5, 2010) (awarding $4,800,000 in punitive damages to a plaintiff whose primary causes of action included wrongful termination). Other wrongful termination claims have similarly yielded large punitive damages awards. *See e.g.*, *Lee v. TRW Inc.*, U.S.D.C. Central Dist. of California Case No. 04-1134 (wrongful termination case resulted in 1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, L.A. Superior Court No. BC366198 (discrimination case resulted in $1,180,164 in punitive damages).

41.   Based on these jury awards, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

## V.   VENUE IS PROPER

42.   In accordance with 28 U.S.C. section 1441(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. 28 U.S.C. § 84(d). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.   SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

43.   In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibits A** through **B**, which includes copies of all process, pleadings, and orders served upon Defendant.

44.     As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within thirty (30) days after the summons and Complaint was deemed served on Defendant. *Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 680 (6th Cir. 2002).)

45.     In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, Los Angeles.

## VII.    CONCLUSION

46.     Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

47.     Accordingly, Defendant removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED: July 2, 2025                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Michael J. Sexton*
      Michael J. Sexton
      Young W. Choi
      Attorneys for Defendant
      The Sherwin Williams Manufacturing
      Company (erroneously sued as "Sherwin
      Williams Manufacturing")

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

**PROOF OF SERVICE**
*Michael Montes De Oca v. Sherwin Williams Manufacturing, et al.*
Case No. Pending

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On July 2, 2025, I served the following document(s):

**DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

13

Case No. Pending

DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION

☐     **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)**     I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 2, 2025, at Costa Mesa, California.

Erin Montgomery
_____
Type or Print Name

_____
Signature

14     Case No. Pending
DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION

**SERVICE LIST**

Jared W. Beilke, Esq.                          Attorneys for Plaintiff
Karina Godoy, Esq.                             Michael Montes De Oca
JML LAW
A PROFESSIONAL LAW CORPORATION
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA  91367
Telephone:  818-610-8800
Facsimile:    818-610-3030
jared@jmllaw.com
kgodoy@jmllaw.com

Case No. Pending
DEFENDANT THE SHERWIN WILLIAMS MANUFACTURING COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION   90745074.v1-OGLETREE